# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SAMANTHA GAIL BYRD, | * |
| | * |
|     Plaintiff, | * |
| | * CIVIL ACTION NO. 22-00401-TFM-B |
| vs. | * |
| | * |
| TOWN OF MOUNT VERNON, | * |
| | * |
|     Defendant. | * |

## REPORT AND RECOMMENDATION

Samantha Gail Byrd filed a *pro se* notice of removal. (Doc. 1). This action was referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636(b)(1). (Doc. 3). Having *sua sponte* considered the notice of removal, the undersigned **RECOMMENDS** that this matter be **REMANDED** to the Municipal Court of the Town of Mount Vernon, Mobile County, Alabama.

### I.   NOTICE OF REMOVAL

On October 11, 2022, Samantha Gail Byrd ("Byrd") filed a notice purporting to remove her prosecution for a municipal ordinance violation to this Court based on federal question jurisdiction. (Doc. 1). Byrd attached to her notice of removal a complaint and affidavit filled out by a Mount Vernon police officer, which alleges that Byrd violated a Mount Vernon municipal

ordinance against speeding. (Doc. 1-2 at 1). The complaint and affidavit appears to allege that Byrd was driving a dump truck 71 mph in a 55 mph zone on southbound U.S. Highway 43 within the city limits or police jurisdiction of Mount Vernon, Alabama.[1] (Id.). Byrd was ordered to appear in Mount Vernon Municipal Court on October 11, 2022, the same day she filed the instant notice of removal. (Id.). Although Byrd's notice of removal is confusing, and her precise legal arguments are not clear, Byrd appears to assert that the Town of Mount Vernon cannot lawfully charge her with speeding because she is a member of the Choctaw Nation of Indians, and the citation was issued on Indian country territory.[2] (See Doc. 1).

## II. DISCUSSION

Byrd's notice of removal states that this matter "involves a Federal Question under 2[8] U.S.C. 1331 involving the Constitutionality of the United States and Federal Preemption of Federal Law over State Law with regard to Indians, Tribes,

---

[1] The handwriting in the complaint and affidavit is somewhat blurry and not entirely legible. (See Doc. 1-2 at 1).

[2] Byrd alleges that she is "a Choctaw Citizen and member of the Choctaw Nation of Indians and Citizen of the State of Alabama and the United States[.]" (Doc. 1 at 1). She contends that "[t]he State of Alabama Lacks Subject Matter Jurisdiction over Indians, Tribes, Indian Communities (18 U.S.C. 1151), and Indian Treaties. (Id.). And she asserts that "[t]he area in which the citation was issued is within the limit[s] of 'Indian Country' under the definition of 18 U.S.C. 1151." (Id.).

2

Reservations, Federal Trust Land, Indian Communities under 18 U.S.C 1151 and Treaties entered into with the Choctaw Nation of Indians that provide for the Federal Trust Relationship." (Doc. 1 at 1). However, although Byrd purports to remove this matter based on federal question jurisdiction under 28 U.S.C. § 1331, that provision is inapplicable to this case because it applies only to the removal of civil actions. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all *civil actions* arising under the Constitution, laws, or treaties of the United States.") (emphasis added).

In Alabama, a prosecution for a violation of a municipal ordinance is a criminal proceeding, not a civil action. See Young v. City of Hokes Bluff, 611 So. 2d 401, 412 (Ala. Crim. App. 1992) (Bowen, J., concurring) ("Our Rules of Criminal Procedure have abolished the idea that municipal court proceedings are quasi-criminal, and thus governed by civil practice. Rule 1.4(h), A.R.Crim.P., provides that a 'criminal proceeding' is 'the prosecution of any offense as defined in Rule 1.4(s), and may be commenced only by complaint or indictment.' An 'offense,' as defined in Rule 1.4(s), is 'conduct for which a sentence to a *term of imprisonment*, or the death penalty, *or for which a fine is provided by any* law of this state or by any law, local law, or *ordinance of a political subdivision of this state*.'") (emphasis

3

in original); see also Ala. R. Crim. P. 1.4.[3]  Because Byrd's prosecution for violating a municipal ordinance is a criminal proceeding rather than a civil action, this matter may not be removed based on the grounds alleged in the notice of removal.[4]

Although there are limited circumstances where a criminal prosecution may be removed to federal court, Byrd has failed to cite any statutes applicable to such circumstances and has failed to allege facts demonstrating that her criminal proceeding fits into the narrow exceptions permitted by those statutes.

Pursuant to 28 U.S.C. § 1455, a defendant seeking to remove a criminal prosecution from a state court "shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal" that

---

[3] "It is unlawful to operate a motor vehicle on the public thoroughfares within the town limits at a speed in excess of 25 miles per hour except on U.S. Highway 43.  It is unlawful to operate a motor vehicle on U.S. Highway 43 at a speed in excess of 55 miles per hour.  Any person violating this section shall upon conviction be subject to a fine not to exceed $200.00, imprisonment not to exceed six months, or both, in the discretion of the trial judge."  Mount Vernon Code of Ordinances, § 34-2.

[4] To the extent Byrd premised removal on the presence of counterclaims or defenses to her prosecution based on federal law, that is not a basis for removal to federal court. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal jurisdiction "cannot be predicated on an actual or anticipated defense" and cannot "rest upon an actual or anticipated counterclaim"); In re Fischer, 2019 U.S. Dist. LEXIS 120784, at *3 n.4, 2019 WL 3281127, at *2 n.4 (E.D.N.Y. July 18, 2019) (noting that defendant seeking to remove the adjudication of his traffic ticket could not premise removal on defenses or counterclaims based on federal law).

4

contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" the defendant in the removed action. 28 U.S.C. § 1455(a). To be timely, the notice of removal of a criminal case must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." Id. at § 1455(b)(1). To properly remove a state criminal prosecution, the notice of removal "shall include all grounds for such removal," and "[a] failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds." Id. at § 1455(b)(2). The district court must "examine the notice promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Id. at § 1455(b)(4).

As noted *supra*, only a very limited class of criminal cases are removable to federal court. See 28 U.S.C. §§ 1442, 1442a, and 1443. To qualify for removal pursuant to § 1442, the removing party must establish, among other things, that she is an officer of the United States or a person acting under an officer of the United States. See 28 U.S.C. § 1442; Caver v. Cent. Ala. Elec. Coop., 845 F.3d 1135, 1142 (11th Cir. 2017). Removal under § 1442a

5

requires the removing party to show, among other things, that she is a member of the armed forces of the United States. See 28 U.S.C. § 1442a. Byrd does not suggest that she is an officer of the United States, a person acting under an officer of the United States, or a member of the United States armed forces, as required for removal under §§ 1442 or 1442a.

Section 1443(1) permits a defendant in a state court criminal prosecution to remove the proceeding to federal district court if removing defendant is a "person who is denied or cannot enforce" in the state courts "a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). A defendant seeking to remove under this provision must show (1) "that the right upon which [she] relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'"[5] and (2) "that [she] has been denied or cannot enforce that right in the state courts."[6] Alabama v. Conley,

---

[5] "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Johnson v. Mississippi, 421 U.S. 213, 219 (1975).

[6] "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" Johnson, 421 U.S. at 219 (citation omitted); see also State of Georgia v. Rachel, 384 U.S. 780, 800 (1966) ("Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in
(Continued)

6

245 F.3d 1292, 1295 (11th Cir. 2001) (per curiam) (citing State of Georgia v. Rachel, 384 U.S. 780, 782, 784 (1966)).[7]

Byrd has not cited as a basis for removal any federal civil rights law providing for specific civil rights stated in terms of racial equality. Instead, Byrd appears to assert that she cannot lawfully be charged with speeding by the Town of Mount Vernon because she is a member of a recognized Indian tribe and the citation was allegedly issued "within the limit[s] of 'Indian Country'" as defined in 18 U.S.C. § 1151.[8] (See Doc. 1). Moreover,

---

the state courts."); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 828 (1966) ("Under [§] 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.").

[7] Byrd also alleges no grounds for removal under § 1443(2), which provides a right of removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The Supreme Court has held that the first phrase in § 1443(2)—referring to "any act under color of authority"—confers the right to remove only upon "federal officers or agents and those authorized to act with them or for them in affirmatively executing duties under any federal law providing for equal civil rights." Peacock, 384 U.S. at 824. The second clause—referring to the refusal "to do any act on the ground that it would be inconsistent with such law"—allows removal by state officers. Id. at 824 n.22. Here, removal under § 1443(2) is not appropriate because Byrd has neither alleged nor shown that she is a federal or state officer or working for one.

[8] 18 U.S.C. § 1151 defines the scope of Indian country territory and is inapplicable here. 18 U.S.C. § 1153, however, outlines that certain criminal offenses committed within Indian country
(Continued)

Byrd has offered nothing to suggest that she is unable to enforce in state court, or that the state courts have otherwise denied her, any specific civil right arising from a federal law providing for that right stated in terms of racial equality.

Accordingly, Byrd has failed to state any grounds for removal of her prosecution for violating a Mount Vernon municipal ordinance, and she has waived any other grounds for removal that may have existed as of the filing of the notice of removal. See 28 U.S.C. § 1455(b)(2). Because it is clearly apparent from the face of Byrd's notice of removal and exhibits that removal should not be permitted, the undersigned recommends that this matter be summarily remanded. See id. at § 1455(b)(4).

### IV. CONCLUSION

Based on the foregoing, the undersigned recommends that this matter be **REMANDED** to the Municipal Court of the Town of Mount Vernon, Mobile County, Alabama.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

---

territory are "within the exclusive jurisdiction of the United States." 18 U.S.C. § 1153(a). Byrd does not allege that she has been charged with any of the listed crimes. Moreover, all of the crimes over which a federal court has jurisdiction under § 1153(a) involve felony offenses.

8

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **26th** day of **October, 2022.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**